IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY and AMCO INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 11-1266-JAR-GLR |
| v. | ) ) ) | |
| MONTE JEAN SMITH, individually; MONTE JEAN SMITH, as trustee of the Monte Jean Smith Revocable Trust dated April 17, 2001; HY GRADE CONSTRUCTION AND MATERIALS, INC.; MARY JO BRADSHAW; and STEPHEN L. BRADSHAW, as Special Administrator for the Estate of Lewis K. Bradshaw, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND OPINION

Plaintiffs Nationwide Mutual Insurance Company and AMCO Insurance Company filed this lawsuit, seeking a declaration that certain farm liability policies do not provide coverage for the losses arising from a fatal injury suffered by Lewis J. Bradshaw on property owned by Defendant Hy Grade Construction and Materials while he was working for Hy Grade, or for any of the claims, injuries and damages alleged in Neosho County Case No. 2010 CV 109, and that Plaintiffs have no contractual duty to defend Defendants in that state court action. This matter is before the Court on the following motions: Plaintiffs' Motion for Summary Judgment (Doc. 58) and Motion to Strike Demand for Jury Trial (Doc. 56); the Bradshaw Defendants' Motion to Strike from the Pretrial Order the Affirmative Defense of Smith and Hy Grade (Doc. 60); and the Smith Defendants' Motion for Stay of Declaratory Judgment Proceedings (Doc. 82) pending

resolution of the underlying state court lawsuit.  Plaintiffs and the Bradshaw Defendants oppose the request for stay.  For the reasons explained in detail below, the Court grants the motion to stay.

I.     **Procedural and Factual Background**

On November 8, 2008, Lewis J. Bradshaw ("Bradshaw") was clearing brush between rows of pecan trees on the Ponderosa Pecan Farm owned by Plaintiff Hy Grade, and was burning a brush pile.  While clearing and burning the brush, there was an explosion that caused Bradshaw to suffer "major injury" that ultimately resulted in his death the next day.

On November 5, 2010, Mary Jo Bradshaw, the widow of Bradshaw, and Stephen L. Bradshaw, the Special Administrator of Bradshaw's estate, filed suit against Smith, the Trust and Hy Grade (the "Smith Defendants") in Neosho County District Court (the "State Court Action"), seeking survival and wrongful death damages as a result of Bradshaw's accident.  The Smith Defendants contend that Bradshaw was using explosives on Hy Grade's property without permission and/or was not acting within the scope of his employment.  Trial was scheduled to commence in November 2013.

Plaintiff Nationwide Insurance Co. ("Nationwide") insures the Smith Defendants under a farm liability policy and Plaintiff AMCO Insurance Co. ("AMCO") insures these defendants under a farm umbrella liability policy.  Plaintiffs filed this declaratory judgment action on September 1, 2011, seeking the declaration that neither policy provides coverage for the claims, losses, and damages alleged in the State Court Action, and that neither has a duty to defend in that case.

On April 8, 2013, Plaintiffs moved for summary judgment and to strike their demand for

jury trial. Plaintiffs contend that the employee injury exclusion in the two farm policies applies because Bradshaw was an employee of Hy Grade. The Bradshaw Defendants moved to strike from the Pretrial Order Hy Grade's affirmative defense that Bradshaw's possession and/or use of any explosive device was outside the parameters of what he was authorized to possess or use on Hy Grade's property, arguing that this issue would be determined by the State Court Action prior to this case being tried in federal court, and that the State Court finding would have res judicata effect on the declaratory judgment action. Both the Smith Defendants and the Bradshaw Defendants opposed summary judgment on the grounds that material disputed facts remained on the question of whether Bradshaw was an independent contractor or employee, and if the latter, whether his injuries resulted or arose out of his employment, as required by the employee injury exclusion. Trial in this declaratory judgment matter was scheduled to commence in December 2013.

In October 2013, after trial in the State Court Action was continued until September 2014, the Smith Defendants moved to stay the declaratory judgment action during the pendency of the State Court Action. The Court continued the December 9, 2013 trial date, and ordered further briefing on the issue of whether these proceedings should be stayed.

## II. Discussion

The decision whether to exercise jurisdiction in a declaratory judgment action is a matter within the sound discretion of the district court.[1] It is well settled, however, that "[a] federal court generally should not entertain a declaratory judgment action over which it has jurisdiction

---

[1] *Allstate Property & Cas. Ins. Co. v. Salazar-Castro*, No. 08-2110-CM, 2009 WL 997157, at *1 (D. Kan. Apr. 14, 2009); *Sprint Corp. v. Aertoel, Ltd.*, No. 99-2547-JWL, 2000 WL 382031, at *2 (D. Kan. Mar. 17, 2000) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995)).

if the same fact-dependent issues are likely to be decided in another pending proceeding."[2]

In the case of *State Farm Fire & Casualty Co. v. Mhoon*,[3] the Tenth Circuit set forth five factors that a district court should evaluate in determining whether to exercise jurisdiction over a declaratory judgment action:

> (1) whether a declaratory action would settle the controversy; (2) whether it would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; (4) whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.[4]

While the parties agree that the *Mhoon* factors govern the Court's analysis, they dispute the application and weight of the factors. The Court discusses each in turn.

The first *Mhoon* factor weighs slightly in favor of Plaintiffs. This declaratory action will settle the issue whether the farm policy provides coverage for the accident in which Mr. Bradshaw died. The coverage issue will not be decided in the State Court Action.

The second factor also weighs in Plaintiffs' favor. The Declaratory Judgment Act "enables parties uncertain of their legal rights to seek a declaration of rights prior to injury."[5] An insurer has a duty to defend, to conduct settlement negotiations and to pay any settlement amount or judgment entered against its insured.[6] A declaratory judgment action is therefore

---

[2]*Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989).

[3]31 F.3d 979 (10th Cir. 1994).

[4]*Id*. at 983 (citation omitted); *accord United States v. City of Las Cruces*, 289 F.3d 1170, 1187 (10th Cir. 2002).

[5]*Kunkel*, 866 F.2d at 1274 (citation omitted).

[6]*Id*. at 1275.

appropriate to clarify legal relationships before final adjudication of an underlying action.[7] A declaration by this Court relating to the farm policy coverage issues presented would clarify the parties' legal relations and resolve uncertainty regarding Plaintiffs' obligations.

Third, the Court must consider whether the declaratory remedy is being used for procedural fencing. "'In looking at whether the declaratory judgment action is being used in order to gain a procedural advantage, the court considers the timeliness of the actions at issue.'"[8] Although the Smith Defendants do not point to anything that suggests a race to res judicata or procedural fencing, the Court notes that it appears undisputed that the parties always intended for the state court trial to conclude before the Court determined the issues in this case. When the state court trial was continued, however, Plaintiffs continued to pursue their summary judgment motion and the Bradshaw Defendants reversed their position on whether this Court should hear the Smith Defendants' affirmative defense. This factor is slightly in the Smith Defendants' favor.    The fourth factor—whether proceeding in this case will cause friction in the state court case—revolves around whether this action involves key fact issues that are also before the court in the underlying lawsuit. The Smith Defendants argue that answers to the "myriad questions" regarding how the explosion occurred are vital to the merits of the underlying state court claims and better left to resolution in the state court forum. Plaintiffs and the Bradshaw Defendants contend that the only issue to be decided in this declaratory action is whether Mr.

---

[7]*Cont'l W. Ins. Co. v. Robertson Tank Serv., Inc.*, No. 12-1087-KHV, 2013 WL 1447067, at *2 (D. Kan. Apr. 9, 2013) (citing *Horace Mann Ins. Co. v. Johnson*, 953 F.2d 575, 578 (10th Cir. 1991) (explaining, without declaratory judgment action, parties must wait until tort victim attempts to collect judgment from insurance carrier to litigate insurance coverage issues)).

[8]*Ortiz v. Biscanin*, 190 F. Supp. 2d 1237, 1246 (D. Kan. 2002) (quoting *Bd. of Cnty. Comm'rs v. Cont'l W. Ins. Co.*, 184 F. Supp. 2d 1117, 1121 (D. Kan. 2001)).

Bradshaw was an employee or independent contractor at the time of the accident, which they argue is a question of law.

In the State Court Action, the Bradshaw Defendants allege that the Smith Defendants are strictly liable for Mr. Bradshaw's injuries, death, and damages, and that their negligence caused Mr. Bradshaw's injuries, death, and damages. The Smith Defendants allege an affirmative defense that Mr. Bradshaw possessed or used explosives without authority or permission to do so on their real property. In this case, Plaintiffs ask the Court to declare that they owe no duty to indemnify or defend the Smith Defendants in the underlying lawsuit because Mr. Bradshaw was Hy Grade's employee, and thus the employee injury exclusion in the farm policies applies. The Smith Defendants also present a similar affirmative defense in this declaratory action—whether Mr. Bradshaw's alleged possession and/or use of any explosive device was outside the parameters of what he was authorized to use or possess on Hy Grade's property and, consequently, whether Mr. Bradshaw's injuries and death occurred "as a result of" or "arose out of and in the course of" his work for Hy Grade.[9]

As noted, the farm policies contain an exclusion for employee injury. The applicable language in the policies states that in order for the exclusion to apply, the injured must have been an employee of Hy Grade at the time of the injury and the injury "[arose] out of and in the course of employment." Plaintiffs argue that Mr. Bradshaw's status as an employee or independent contractor is not relevant to that issue or the underlying state court proceedings. The Smith Defendants argue that a finding in this case that Mr. Bradshaw was Hy Grade's employee would

---

[9]*See* Pretrial Order, Doc. 54 at 12-13 (noting that the Bradshaw Defendants object to assertion of this affirmative defense, as the issue was to be resolved in the State Court Action and that it was not appropriate for this Court to address the issue).

not end this lawsuit, as it would also require a finding on their affirmative defense, *i.e.*, that Bradshaw was not acting in the course of his employment when he brought or used explosives on the property.[10] The Smith Defendants correctly point out that whether Mr. Bradshaw's injury arose out of or in the course of his employment or whether he was acting for Hy Grade at the time of the accident is intertwined with the questions raised in the State Court Action—how the explosion happened, and whether Mr. Bradshaw was using the explosives without permission in connection with his work for Hy Grade or because explosives were left on Hy Grade property. The Smith Defendants argue that if this Court proceeds to resolve Plaintiffs' obligations under the policy at this time, it may be required to confront the issue of Mr. Bradshaw's role at the time of the loss. The Court agrees.[11]

Based on the above, the fourth *Mhoon* factor supports a stay. Because fact issues with respect to the Smith Defendants' affirmative defense in the state court action overlap with their affirmative defense and coverage issues in this case, the Court finds that a determination of the issue in this case could encroach upon state court jurisdiction and possibly cause friction between federal and state courts.[12]

Finally, the fifth factor is neutral. The underlying State Court Action will resolve only

---

[10]The Smith Defendants concede that a finding that Mr. Bradshaw was an independent contractor in this case would be dispositive, as the employee injury exclusion would not apply.

[11]Moreover, exercising jurisdiction may not provide Plaintiffs the quick relief they desire, and may result in a trial. Although Plaintiffs contend that the issue of whether Bradshaw is an employee or independent contractor can be decided on the record as a matter of law, the Smith Defendants and the Bradshaw Defendants have vigorously opposed summary judgment. Although the Court does not rule on the pending motion at this time, it notes that whether an individual is an employee or an independent contractor generally is a question of fact for the jury. *See McCubbin v. Walker*, 886 P.2d 790, 795 (Kan. 1994).

[12]*See Schering Corp. v. Griffo*, 872 F. Supp. 2d 1220, 1243 (D. N.M. 2012) (staying declaratory action where state court action involved questions of affirmative defense regarding whether employee was acting within scope of employment, which would impact issue of insurance coverage).

7

liability and damages issues and not insurance coverage issues.  Plaintiffs are not parties to the State Court Action.  A stay of this case until the underlying action is resolved would present a more logical, efficient treatment of the case.  The state court case is set for trial in September 2014, and will likely resolve some of the fact issues in this case.  And, if the Court proceeds with this case, it may eventually be moot if the Smith Defendants are found not at fault in that action.

Accordingly, after weighing the *Mhoon* factors and considering the applicable Tenth Circuit standards, the Court determines it should not hear this declaratory judgment action now but should stay the proceedings pending the resolution of the underlying lawsuit.  Once the state court has definitively ruled on the question of liability, this Court will proceed with the declaratory action.

**IT IS THEREFORE ORDERED BY THE COURT** that the Smith Defendants' Motion for Stay of Declaratory Judgment Action (Doc. 82) is GRANTED;

**IT IS FURTHER ORDERED** that this case is STAYED pending the state court determination of liability; the parties shall file a status report within ten (10) days of completion of the trial currently set for September 2014, in Neosho County District Court, or within ten (10) days of any continuance of trial or resolution of the state court case.

**IT IS SO ORDERED.**

Dated: February 28, 2014

                                                 S/ Julie A. Robinson
                                                 JULIE A. ROBINSON
                                                 UNITED STATES DISTRICT JUDGE